Case 1:18-cv-11702-CM Document 30 Filed 01/07/19 Page 1 of 3

MORRISON | FOERSTER

250 WEST 55TH STREET
NEW YORK, NY 10019-9601

TELEPHONE. 212.468.8000
FACSIMILE. 212.468.7900

WWW.MOFO.COM

MORRISON & FOERSTER LLP

BEIJING, BERLIN, BRUSSELS, DENVER, HONG KONG, LONDON, LOS ANGELES, NEW YORK, NORTHERN VIRGINIA, PALO ALTO, SAN DIEGO, SAN FRANCISCO, SHANGHAI, SINGAPORE, TOKYO, WASHINGTON, D.C.

MEMO ENDORSED

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 1/7/19

January 7, 2019

Writer's Direct Contact
+1 (212) 468.8203
JLevitt@mofo.com

By ECF

Motion denied.
Work it out with your opponent.
Colleen McMahon
1/7/19

Hon. Colleen McMahon
Chief U.S. District Judge
United States District Court
Southern District of New York
500 Pearl St.
New York, NY 10007

Re: *Danone, US, LLC v. Chobani, LLC*; Case No. 1:18-cv-11702-CM;
Motion to Quash Subpoena

Dear Judge McMahon:

We write on behalf of defendant Chobani, LLC ("Chobani") to respectfully ask that the Court enter an order quashing the subpoena that Plaintiff Danone US, LLC ("Dannon") has attempted to serve on Peter McGuinness, Chobani's Chief Marketing and Commercial Officer, seeking to compel Mr. McGuinness to appear as a hostile witness at the January 14, 2019 preliminary injunction hearing in this case and bring "any and all documents, electronically stored information, or objects used, consulted, or otherwise relied on in connection with preparing" a declaration that he submitted in opposition to Dannon's failed application for a temporary restraining order (the "Subpoena"). In other words, contrary to the process this Court set in its January 2 Order, Dannon seeks discovery to examine a witness Chobani ***did not designate*** for the preliminary injunction hearing about a declaration submitted a different stage of the case (that Dannon lost). Because Chobani has identified a witness with knowledge of all the issues relevant to the preliminary injunction hearing and because Mr. McGuinness is unavailable on January 14 due to an important professional engagement to which he committed months ago, the Court should quash the Subpoena.

As this Court noted in its January 2 Order, "[t]his is a preliminary injunction hearing, ***not a final trial on the merits***." (ECF No. 24, at 2 (emphasis added).) Accordingly, the Court set forth a process by which the parties would identify by January 4 the witnesses that they would call to support their respective positions at the preliminary injunction hearing and submit written direct testimony for those witnesses by January 10. (*Id.*) Those witnesses submitting written direct testimony would then "be subjected to cross examination during the hearing." (*Id.*) ***Chobani did not identify Mr. McGuinness as a witness who will be submitting written direct testimony or appearing at the January 14 hearing***. Accordingly,

it is neither necessary nor appropriate to force Mr. McGuinness to appear at the hearing pursuant to the Court's January 2 Order.

The witness Chobani did identify on January 4 and for whom it will submit direct testimony is Niel Sandfort, Chobani's Vice President for Product Management & Innovation. Mr. Sandfort reports directly to Mr. McGuinness and has been at Chobani for nearly 9 years, making him one of the company's most tenured employees. Further, Mr. Sandfort was personally involved in many aspects of the Gimmies™ product line development, from talking to consumers about the product, connecting those insights with Chobani's R&D department to develop the right food, and working on labeling and claims. Mr. Sandfort will thus testify on ***all of the subjects*** in the declaration Mr. McGuinness submitted in opposition to Dannon's TRO application, ***in addition*** to other issues relevant to the preliminary injunction hearing, including his leadership role in the reduction of sugar in the products at issue, and his responsibility to oversee the expeditious changes to the food and labeling. Thus, Mr. Sandfort is both the most knowledgeable and most ***efficient*** witness to testify at the preliminary injunction hearing. Forcing Mr. McGuinness to testify would unnecessarily waste time at the hearing with, at best, duplicative testimony.

Additionally, Mr. McGuinness is unavailable on the January 14 hearing date and compelling his attendance at the preliminary injunction hearing would be an undue burden. Months ago, Mr. McGuinness committed to being a keynote speaker the National Retail Federation's "Big Show", the largest retail conference and expo in the world on January 14. As one of the most senior executives at Chobani and the public face of the company, his attendance at this all-day event is critical to Chobani's business goals, including establishing and deepening relationships with retailers.[1] Federal Rule of Civil Procedure 45 provides that a Court "***must*** quash or modify a subpoena that . . . subjects a person to undue burden." *See* Fed R. Civ. P. 45(d)(3)(A)(iv) (emphasis added). Given the importance of Mr. McGuinness's attendance at this conference and Chobani's designation of a witness with personal knowledgeable of all the relevant issues, that test is easily satisfied here.

Of course, if this case continues past the preliminary injunction phase, Dannon can notice Mr. McGuinness's deposition—and request documents—in the normal course of discovery. But compelling Mr. McGuinness to upend a long-standing professional commitment that is critical to Chobani's business goes far beyond what is necessary or appropriate for a preliminary injunction hearing. Because the burden of compelling Mr. McGuinness to appear is significant and unnecessarily duplicative given Mr. Sandfort's testimony and cross examination, the Court should quash the subpoena because it violates Federal Rule of Civil Procedure 45 and the Court's January 2 Order. Dannon has not responded to Chobani's request to withdraw the subpoena.

---

[1] Mr. McGuinness is also traveling internationally on business from January 8 to January 11 and a keynote speaker at the conference on January 14, which significantly impacts his ability to prepare for the hearing

Respectfully submitted,

/s/ Jamie A. Levitt
Jamie A. Levitt

cc: All counsel of record via ECF