

ROCKEFELLER CENTER
1270 AVENUE OF THE AMERICAS
NEW YORK, NY 10020
T 212.307.5500  F 212.307.5598  www.Venable.com

January 11, 2019

VIA ECF:

Marcella Ballard

T 212.370.6289
F 212.307.5598
MBallard@Venable.com

Hon. Colleen McMahon
Chief U.S. District Judge
United States District Court
Southern District of New York
500 Pearl Street, Courtroom 24A
New York, NY 10007

> Re: *Danone, US, LLC v. Chobani, LLC*, No. 18-cv-11702-CM: Motion to Revive Trial Subpoena to Peter McGuinness, or in the Alternative, to Strike the Testimony of Niel Sandfort

Dear Judge McMahon:

      We write on behalf of Plaintiff Danone, U.S., LLC ("Dannon"), seeking to revive Dannon's trial subpoena to Peter McGuinness, the Chief Marketing and Commercial Officer at Chobani, LLC ("Chobani"), or in the alternative, strike Paragraphs 21, 23, 24, 26, 27, and 28 of the Affidavit of Niel Sandfort. Dkt. 41. The basis for this request is that the parties worked out the issue Chobani had raised with the subpoena Dannon served on Mr. McGuiness, per the Court's order (Dkt. 28), based on Chobani's counsel's representation that Mr. Sandfort would "adopt Mr. McGuiness's TRO testimony in his sworn PI direct testimony affidavit…." *See* **Exhibit 1**. Chobani agreed to this only after the back-and-forth between counsel reflected in Exhibit 1, where Dannon required that Mr. Sandfort adopt Mr. McGuiness's testimony under penalty of perjury and Chobani accepted. On the basis of this deal—that Mr. Sandfort would "adopt" Mr. McGuiness's testimony, so that Dannon would not be deprived of the ability to cross-examine Chobani's witness on its sworn testimony as to how it calculated its challenged claim when the Gimmies Milkshakes launched—Dannon withdrew the subpoena.

      Unfortunately, it now appears that Chobani's confirmation was a ploy to disavow Mr. McGuiness' sworn testimony and deprive Dannon of the ability to cross examine on those points, and to replace his testimony with testimony that Chobani perceives to be more favorable. Instead of adopting Mr. McGuiness's testimony as promised (and confirmed in writing), Mr. Sandfort expressly contradicts it. Mr. Sandfort's testimony reads as follows:

> 24. In the rush to prepare the papers opposing Dannon's application for a temporary restraining order, ***Peter McGuinness, Chobani's Chief Marketing and Commercial Officer, inaccurately described the calculation used by Chobani to arrive at the "33% less sugar" claim***. He

Hon. Colleen McMahon
January 11, 2019
Page 2

> inadvertently assumed *all* Danimals flavors had 9 grams of sugar (based on the misleading information in Dannon's papers) and, as a result, assumed Chobani rounded 11.6 grams of sugar in 4 ounces to 12 grams of sugar. (See McGuinness Decl. ¶ 22.) Because the most recent market data available provided that Danimals had a combination of 9 *and 10 gram* flavors (and indeed, the data still shows this to be true), *the actual calculation, as I describe above in Paragraph 23, was 4 fluid ounces of Dannon's Danimals Smoothies contain, on average 12.08 grams of sugar (3.02 grams of sugar per fluid ounce multiplied by 4 fluid ounces), rounded down to 12 grams*.

(Emphasis added.)

Setting aside the evidentiary defects in one witness swearing that another witness made a mistake (Mr. McGuiness has not submitted an affidavit that his prior sworn declaration was in error), this is the opposite of what Chobani agreed to do. Mr. McGuiness previously set out very clearly, also under penalty of perjury, the basis for Chobani's claim. *See* Dkt. 15. In Paragraphs 19-23 in particular, Mr. McGuiness swore that Chobani calculated the average amount of sugar across eight of Dannon's Danimals Smoothies, and that, on average, they contain 9 grams of sugar per 3.1 fluid ounces. Mr. McGuiness then swore that "using a simple equation, Chobani accurately calculated that 4.0 fluid ounces of Danimal's Smoothies contain, on average, 11.6 grams of sugar, which rounds to 12 grams under FTC guidance." *Id.* ¶ 22. Finally, Mr. McGuiness swore that Chobani's flavors "contain an average of 8.3333 grams of sugar, which it rounds to 8 grams under FTC guidance." *Id.* ¶ 23. This is the basis for Chobani's 33% less claim—under penalty of perjury by Mr. McGuiness.

Then—after promising that Mr. Sandfort would adopt this testimony in a sworn affidavit, Chobani filed testimony designed to change these facts. In particular, Paragraphs 21, 23, 24, 26, 27, and 28 of Mr. Sandfort's testimony change the methodology that Chobani used to a new methodology that Chobani wishes to assert for litigation purposes. Now, Chobani claims that Danimals "contain 9.375 grams per 3.1 fluid ounces" (¶ 21), that "4 fluid ounces of Danimals Danimals Smoothies contain 12.08 grams of sugar" (¶ 23), that McGuiness got it wrong (¶ 24); and that Chobani's new numbers better support its claim. *Id.* ¶¶ 26-28.

Chobani must be held to the bargain it struck in Exhibit 1. Accordingly, plaintiff seeks permission to revive the subpoena served on Mr. McGuiness, so that he can come to the hearing and the parties can get an answer one way or another as to which of the two stories (both were submitted under penalty of perjury) are accurate. In the alternative, the Court should strike Paragraphs 12, 23, 24, 26, 27, and 28 of Mr. Sandfort's testimony and the parties will litigate the basis of the 33% claim as submitted in Mr. McGuiness's TRO testimony.

Respectfully submitted,

/s/Marcella Ballard
VENABLE LLP

Hon. Colleen McMahon
January 11, 2019
Page 3

        1270 Avenue of the Americas
        New York, NY 10020
        Tel: 212.370.5500
        Fax: 212.370.5100
        mballard@venable.com
           —and—
        Angel A. Garganta (admitted *pro hac vice*)
        VENABLE LLP
        101 California Street Ste. 3800
        San Francisco, CA 94111
        agarganta@venable.com

        *Attorneys for Plaintiff*